UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMASSIE COMMERCIAL PROPERTIES, LLC ET AL. | CIVIL ACTION |
| VERSUS | No. 23-750 |
| CLEAR SPRINGS PROPERTY AND CASUALTY COMPANY | SECTION I |

## ORDER & REASONS

Before the Court is a motion to remand the above-captioned matter to the 17th Judicial District Court for the Parish of Lafourche filed by plaintiffs Thomassie Commercial Properties, LLC and Thoma-Sea Marine Constructors, LLC (collectively, "plaintiffs").[1] Plaintiffs also seek an award of attorney's fees, costs, and sanctions. Defendants Clear Spring Property and Casualty Company ("Clear Spring") and Talisman Casualty Insurance Company ("TCIC") (collectively, "defendants") jointly oppose the request for attorney's fees, costs, and sanctions.[2] However, defendants consent to the remand of this action.[3]

For the following reasons, the Court grants plaintiffs' motion to remand and grants plaintiffs' request for costs and attorney's fees to the extent plaintiffs seek costs and attorney's fees incurred in filing their motion. The Court denies plaintiffs' request for sanctions as well as the request for costs and attorney's fees beyond those incurred in filing the motion to remand.

---

[1] R. Doc. No. 26.
[2] R. Doc. No. 30.
[3] *Id.*

### I. BACKGROUND

This action arises out of Hurricane Ida property damage. Plaintiffs allege that their property was covered by a policy issued by defendants.[4] Plaintiffs further allege that defendants failed to timely tender payments pursuant to the insurance policy.[5] On February 28, 2023, defendants removed this action to federal court based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.[6] Specifically, defendants asserted that plaintiffs were citizens of Louisiana, Clear Spring was a citizen of Texas, and TCIC was a citizen of Nevada.[7]

On December 19, 2023, plaintiffs moved to remand this case to state court because they learned that TCIC is an LLC with its sole member residing in Louisiana.[8] Plaintiffs argue that they are entitled to sanctions pursuant to Federal Rule of Civil Procedure 11 and costs and attorney's fees pursuant to 28 U.S.C. § 1447 because defendants acted in bad faith and removed despite clear contrary precedent.[9] In support of their motion, defendants cite cases where TCIC claimed to be a citizen of Louisiana.[10]

As mentioned previously, defendants do not oppose the motion to remand but argue that defendants acted in good faith in removing this action because they were

---

[4] R. Doc. No. 1-2, at 2.
[5] *Id.* at 3.
[6] R. Doc. No. 1, at 2.
[7] *Id.*
[8] R. Doc. No. 26-1, at 1.
[9] *See generally id.*
[10] *Id.* at 4.

not aware that TCIC was an LLC and not a corporation.[11] Accordingly, the only issue that remains before this Court is whether plaintiffs' request for sanctions should be granted.

## II. LAW AND ANALYSIS

### a. 28 U.S.C. § 1447

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. The statute "authorizes courts to award costs and fees, but only when such an award is just." *Martin v. Franklin Cap. Corp.,* 546 U.S. 132, 138 (2005). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

"The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case. [Courts] evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). "The statute does not contain a presumption either in favor of or against awarding fees, and whether to award fees under the statute is committed to the Court's discretion." *Citi Prop. Holdings, Inc. v. Labranche*, No. 11-617, 2011 WL

---

[11] R. Doc. No. 30.

1980016, at *2 (E.D. La. May 20, 2011) (Lemmon, J.) (quoting *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280 (5th Cir. 2009)).

Defendants removed this case based on diversity of citizenship, claiming that TCIC was a citizen of Nevada. Defendants now acknowledge that TCIC is a citizen of Louisiana because it is an LLC and its only member is a citizen of Louisiana.[12] Defendants argue that they had an objectively reasonable basis for removal because they thought TCIC was a corporation based on the word "company" in TCIC's name and based on research listing TCIC's state of incorporation as Nevada.[13] However, defendants' failure to investigate the business structure of TCIC and TCIC's sole-member's citizenship prior to filing their notice of removal does not create an objectively reasonable basis for removal. Additionally, plaintiffs cite to numerous cases that have already addressed the citizenship of TCIC and provided ample notice that TCIC is an LLC and a citizen of Louisiana.[14]

Pursuant to 28 U.S.C. § 1447(c), plaintiffs may recover attorney's fees and costs "incurred as a result of the removal." However, "ordinary litigation expenses" are not recoverable pursuant to 28 U.S.C. § 1447(c). *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997). Therefore, plaintiffs may recover those attorney's fees which were incurred in connection with the filing of their motion to remand.[15] Plaintiffs may not

---

[12] R. Doc. No. 30, at 1.
[13] *Id.* at 3.
[14] R. Doc. No. 26-1, at 4.
[15] Plaintiffs have not provided the Court with specific documentation of the costs and attorney's fees that they would be entitled to. The Court is confident that the parties can reach an agreement with respect to the attorney's fees and costs incurred in filing the plaintiffs' motion to remand and their reply.

4

recover for attorney's fees and costs beyond the motion to remand because such expenses, like the costs of mediation, are ordinary litigation expenses.

### b. Rule 11

Rule 11 also provides for an award of sanctions, including costs or attorney's fees. Rule 11(c)(2) states:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Plaintiffs did not file their motion for sanctions separately from their motion to remand, they did not provide proof that they complied with Rule 5, and defendants were not afforded twenty-one days after service to remedy the representation regarding TCIC's citizenship. Because plaintiffs have not satisfied the requirements of Rule 11, they are not entitled to sanctions beyond those set forth in 28 U.S.C. § 1447(c). *See Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) ("Plaintiffs did not comply with this procedural prerequisite. Therefore, the sanction and payment of costs and attorneys' fees ordered by the district court cannot be upheld under Rule 11.").

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiffs' motion to remand is **GRANTED IN PART** and **DENIED IN PART**. This case is **REMANDED** to the 17th Judicial District

Court for the Parish of Lafourche, State of Louisiana for further proceedings. Plaintiffs' request for attorney's fees and costs is **GRANTED** to the extent it seeks to recover costs and attorney's fees incurred with respect to filing their motion to remand. Plaintiffs' request for sanctions beyond costs and attorney's fees incurred in filing the motion to remand is **DENIED**.

    New Orleans, Louisiana, January 16, 2024.

                                              **LANCE M. AFRICK**
                              **UNITED STATES DISTRICT JUDGE**